## JAMES M. SQUIRES, Appellant, v. MARGARET J. KIMBALL et al.

**Division Two, December 10, 1907.**

1. **POSSESSION: Notice of Title.** A person who buys property in the visible possession of a third person is chargeable with notice of the right and title of that person to the property. And where plaintiff in his testimony admits that defendants, at the time of his purchase, had a fence inclosing the strip of ground in dispute and were in possession, he is chargeable with notice that his grantor had previously executed a quitclaim deed conveying the property to defendants, although that deed was not recorded.

2. **————: Actual Notice: Conflict in Testimony.** And where there is substantial testimony that defendants told plaintiff that they had bought the land from those from whom he later bought it and that they were the owners, which testimony he denies, a finding for defendants, by the court sitting as a jury, that plaintiff had actual notice of defendants' prior title, is binding on the appellate court.

Appeal from Boone Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*Harris & Bruton, J. H. Cupp* and *N. T. Gentry* for appellant.

(1) The trial court erred in admitting in evidence, over plaintiff's objections and exceptions, the quitclaim deed from Jas. W. Green to Margaret J. Kimball. This deed had never been recorded, not even at the time of

the trial, and it was, therefore, no notice whatever to plaintiff. Plaintiff testified that he did not know of the existence of this deed; and there was no evidence to the contrary, neither was there the slightest circumstance tending to show that he knew of it. Under our statute and the decisions of this court, said deed was no notice to plaintiff, and was improperly considered as evidence. R. S. 1899, sec. 925; Keen v. Schnedler, 92 Mo. 516; Road Co. v. Renfroe, 58 Mo. 265. (2) The verdict and judgment are against the law and the evidence, and all the evidence. Plaintiff read in evidence the deed from Geo. N. Johnson to Mary E. Jennings (afterwards Mary E. Williamson), which conveyed the ground in dispute to Mrs. Jennings. The ground conveyed was described by beginning at the center of section 15, township 51, range 11, thence south 145 feet, thence west 225 feet, more or less, to corner stone on the proposed alley; thence north, etc. The distance running west was erroneously stated; it should have been 245 feet. But the further statement that the line was to run that distance to the corner stone on proposed alley cured the error in the number of feet. In other words, the distances given must yield to fixed points that are also given, especially when the words "more or less" follow the distances. Harding v. Wright, 119 Mo. 9, 138 Mo. 11; Scannell v. Fountain Co., 161 Mo. 606; Smith v. Improvement Co., 117 Mo. 438; Tiedeman on Real Prop., sec. 595; 3 Washburn on Real Prop., sec. 2330. As the undisputed evidence showed that Mr. Johnson (who owned the entire tract) first sold off the part of Mrs. Jennings, and that the deed to Mrs. Jennings was the first one that was executed, the ground in dispute was conveyed to Mrs. Jennings, and by conveyance from her down to the plaintiff, prior to any conveyance to Parks, and by him to the defendants. Under the evidence, therefore, defendants had no title whatever to the strip of ground in dispute. The paper

title was vested in plaintiff; and this fact was recognized by defendants in their conversation with Mr. Johnson, when they stated that they knew that they did not own this ground, but believed that they could hold it. The verdict was not only contrary to the law, but to the evidence.

*Thos. J. Tydings* and *E. C. Anderson* for respondents.

He who buys a piece of property in the open and visible possession of a third person is chargeable with notice of the title and right of that person in the premises. Ins. Co. v. Railroad, 149 Mo. 165. Actual possession alone is sufficient to give notice to the subsequent purchaser and his grantees of the occupier's title. Desteiguer v. Martin and Kenney, 162 Mo. 417; Davis v. Wood, 161 Mo. 17. The two cases cited by appellant in his brief, to-wit, Keen v. Schnedler, 92 Mo. 516, and Road Co. v. Renfroe, 58 Mo. 65, simply announced the rule that an unrecorded deed is good as between the parties to it, and as to all other persons except such as are purchasers for value and without notice. Both of said cases are, therefore, inapplicable to this case, for the reason that appellant knew the disputed land was in possession of respondents before and at the time he purchased his tract and for the further reason that respondents informed appellant before he purchased of the fact that they had a quitclaim deed to the land in controversy. One who purchases land with actual notice and knowledge that it is in actual, open and notorious possession of others is chargeable with notice of whatever title those others have previously acquired from his grantors. Myers v. Schuchman, 182 Mo. 159; Martin v. Jones, 72 Mo. 23; Griffin v. Railroad, 82 Mo. App. 93; Maybee v. Moore, 90 Mo. 340; Bartlett v. Glasscock, 4 Mo. 62; Edwards v. Railroad, 82 Mo. App. 96. And the burden of estab-

lishing that one is an innocent purchaser is upon him who claims to be such. Stephenson v. Kilpatrick, 166 Mo. 262; Edwards v. Railroad, 82 Mo. App. 96; Digby v. Jones, 67 Mo. 104; Hall v. Fulton, 25 Mo. 156. The finding of the trial court, sitting as a jury, in ejectment, upon the nature and character of the possession of him who occupies the land and of the opposite party's knowledge of such possession, and of what the occupier stated when he was questioned as to the character and duration of his possession, is binding upon the appellate court to the same extent as is the finding of the jury upon such matters. Desteiguer v. Martin and Kenney, 162 Mo. 417.

FOX, P. J.—This cause is now before this court upon appeal by the plaintiff from a judgment of the circuit court of Boone county in favor of defendants in an ejectment proceeding. The petition is in the usual form and need not be reproduced. This is a suit to recover possession of a small piece of ground, twenty feet east and west, by 150 feet north and south, and situated in the northeast quarter of the southwest quarter of section 15, township 51, range 11, in Boone county, Missouri. The case was tried before the judge of the circuit court of said county, sitting as a jury, and a verdict and judgment was rendered for respondents. Both parties claim title under George N. Johnson.

The following plat which is here reproduced indicates the strip of land in dispute, as well as that embraced in the numerous deeds introduced in evidence:

NORTH

South corporation line of Centralia

40 ft · · · Public Road 325 feet · · · 40 ft · · · Center of Sec. 15

| | | |
|---|---|---|

100 ft   Stone   225 ft   40 ft

Barn   KIMBALL   105 ft

Stone   225 ft

Proposed Alley

KIMBALL

210 ft

Disputed 20

Barn   SQUIRES   105 ft

WEST   100 ft   20   225 ft   EAST

Stone

Land of   Alley   Mary E. Jennings   210 ft Public Road

Stone

W. L. Green's Mule Barn   Stone

Land of   Proposed   W. L. Green   40 ft

SOUTH

On August 3, 1897, George N. Johnson and wife conveyed to Mary E. Jennings (now Mary E. Williamson) a tract of 105 feet from north to south and 225 feet, more or less, from east to west, and extending from the middle of the road on the east "to corner stone on proposed alley," the land conveyed being described on plat as "Squires." Mary E. Jennings conveyed the same land on February 22, 1898, to A. L. Cox, trustee, to secure the payment of a certain note, due James W. Green. The next conveyance was one executed by George N. Johnson and wife to William A. Parks, on August 17, 1900, and conveyed the balance of the land that he (Johnson) owned, the tract conveyed being situated on the north and west sides of appellant's land and being described on the plat as "Kimball." The land conveyed by Johnson and wife to Parks, by deed last above mentioned, is described in said deed as follows: "To obtain the point or corner of beginning, commence at the corner of section fifteen, township number fifty-one, range number eleven, and run south forty feet to a stake as the point or corner of beginning, thence run south one hundred and five feet to a stake, thence run west two hundred and twenty-five feet, thence run south one hundred and five feet, thence west one hundred feet, thence run north two hundred and ten feet to a stake, thence east three hundred and twenty-five feet to the point or corner of beginning, be the same more or less. An alley eighteen feet wide, running through said premises from north to south is reserved, and same to be opened when adjoining owners open up their said alley." On March 6, 1901, William A. Parks and wife conveyed the land last above described to defendant, Margaret J. Kimball, making the same reservation with reference to the alley as was made in the deed from Johnson and wife to Parks. Mrs. Jennings, to whom Johnson and wife made the conveyance, having made default in the payment of the note

secured by the deed of trust as heretofore mentioned, the land was sold by the trustee in pursuance to the provisions of the deed of trust, and on the 12th day of April, 1902, the trustee executed his trustee's deed to James W. Green, the purchaser at such sale. There was also introduced in evidence, over the objections of plaintiff, a quitclaim deed executed by James W. Green on March 11, 1903, by which he conveyed the land in dispute to the defendant Margaret J. Kimball. This deed, however, had never been recorded and was not recorded for some months after the trial of this cause. Plaintiff introduced in evidence a deed executed on May 30, 1903, by James W. Green, who was unmarried, conveying the land purchased at the trustee's sale as heretofore mentioned. This deed, it will be observed, was executed and delivered subsequent to the quitclaim deed heretofore referred to.

This constitutes substantially the paper title of the respective parties. There was a great deal of oral testimony introduced which was very much in conflict. On the part of the plaintiff testimony was introduced tending to show that, at the time the defendants purchased this land from Parks, Parks showed them the lines, which they recognized, and that the land in dispute was not intended to be included in such conveyance. On the other hand defendants' testimony tended to show that Parks did not point out the lines of the land conveyed in this deed. There was other testimony introduced on the part of the plaintiff which tended to show conversations with the defendants in which they said that they knew they didn't buy the land, but their deeds covered it and they would claim it. This testimony is also contradicted by the defendants testifying that no such conversation occurred. There was testimony introduced on the part of the defendants tending to show that after James W. Green acquired his title there was some talk about the eastern boundary of the

land in dispute, and the defendants and said Green agreed that the west side of the barn on plaintiff's land should be the line, and that in accordance with such agreement in February defendants put their fence on said line and took possession of the land in dispute, and that in accordance with such agreement Green on March 11, 1903, executed the quitclaim deed as heretofore indicated, by which he conveyed the land in dispute to the defendant, Margaret J. Kimball. There was also a disputed question as to whether on the sides of the contemplated alley there were stones or stobs placed indicating the line. Upon this question there was testimony both ways, on the one side that the stones or stobs were placed there, and on the other that there were no such stones or stobs found along the line of the alley way. The plaintiff in this cause admitted while on the witness stand that the fence of the defendants inclosing this disputed land was there when he bought it, and that the defendants were in possession of this disputed land when plaintiff bought, and that he saw the fence on the east side of the land in controversy. There was testimony offered on the part of the defendants that before plaintiff purchased his land the defendants pointed out to him the boundary; that they showed plaintiff the iron stakes at the corners on the east side of the disputed strip; further told plaintiff that they had had the land surveyed and the line was on the east side of the twenty-foot strip in controversy; that defendants had possession of the disputed land at that time and that the fence was placed on the east side of the lot in dispute in February, 1903. The defendant Cash Kimball testified that he told the plaintiff prior to his purchase that his wife had a quitclaim deed from Green to the land in dispute and that he had all the papers to show their right and title to the same. The defendant further told plaintiff about the agreement between Mr. Green and defendants when he owned the

land, that the boundary line should be on the east side of the land in dispute, and that defendants placed their fence and took possession of the strip in accordance with said agreement. In rebuttal plaintiff testified denying any knowledge as to the existence of the quitclaim deed until a short time before the trial, and denied that Mr. Kimball, one of the defendants, had ever told him anything about the deed before he bought the land and contradicted testimony as offered by the defendants as to conversations, except it was conceded that the defendants were in possession of this disputed strip of land at the time plaintiff bought from Mr. Green.

This is sufficient to indicate the nature and character of the testimony upon which this cause was submitted to the court sitting as a jury. The cause being submitted under the pleadings and evidence, the court, sitting as a jury, found the issues for the defendant, and rendered judgment denying a recovery to the plaintiff. Timely motions for new trial and in arrest of judgment were filed and by the court overruled and from the judgment rendered in this cause the plaintiff prosecutes his appeal to this court and the record is now before us for consideration.

## OPINION.

The record in this cause discloses but one legal proposition for our consideration; that is predicated upon the assignment of error by learned counsel for appellant that the court improperly admitted in evidence the quitclaim deed from James W. Green to Margaret J. Kimball. The record discloses that this quitclaim deed at the date of the trial had never been recorded in the office of the recorder in the county where the land was situated. Upon this state of the record appellant bases the contention that the plain-

tiff was an innocent purchaser without notice of this quitclaim deed, and notwithstanding the quitclaim deed was executed prior to the conveyance to the appellant, that the appellant is not to be affected by it, by reason of the absence of any notice. The quitclaim deed executed by James W. Green to respondents speaks for itself. It embraced and conveyed the land in dispute. It was executed some months prior to the conveyance by Green to the appellant by which he claims title to the land in controversy. The proposition now confronting us is narrowed down to the simple question of notice of the claim and title of the respondents to the land involved in this suit. The record discloses and it is practically conceded that the defendants at the time the appellant made the purchase of this land from James W. Green were in possession of the strip of land involved in this controversy. The appellant while on the stand admitted that the defendants, at the time of his purchase, had a fence which enclosed this strip of land.

It is no longer an open question in this State that a person who buys property in the visible possession of a third person is chargeable with notice of the title and right of that person to the premises. In the case of Wiggenhorn v. Daniels, 149 Mo. 1. c. 165, this court, speaking through VALLIANT, J., announced the rule that, "he who buys a piece of property in the open and visible possession of a third person is chargeable with notice of the title and right of that person in the premises;" citing, in support of such rule, Leavitt v. La-Force, 71 Mo. 353; Davis v. Briscoe, 81 Mo. 27; Ins. Co. v. Smith, 117 Mo. 261.

To the same effect is Davis v. Wood, 161 Mo. 1. c. 33, where it was said: "The plaintiff who acquired a half interest of the Galloway heirs just upon the eve of the institution of this suit, did so in the face of the adverse possession of the defendants, and with notice of their claim, and hence there is no innocent purchaser

in the case." A similar ruling was made in the case of Desteiguer v. Martin and Kenney, 162 Mo. 417.

In the recent case of Myers v. Schuchmann, 182 Mo. 159, the rule of law as announced in the cases heretofore cited, was fully recognized by Judge BURGESS, speaking for this court, on the subject of notice to persons contemplating the purchase of property.

Applying the well-settled doctrine as announced in the cases heretofore indicated, we see no escape from the conclusion that the appellant must be held to have made his purchase from James W. Green with notice of the claim and title of respondents. But aside from this, there was testimony by the respondent that actual notice had been given the appellant respecting the execution of the quitclaim deed introduced in proof. While upon that question there was a conflict of testimony, the respondents testifying one way and the appellant the other, still that was a question to be determined by the court, and even upon that proposition, if the court found that the appellant had actual notice, this court, in accordance with the well-settled rules in such cases, would defer to the finding of the trial court and would not be warranted in undertaking, from the disclosures of the record, to settle the conflict in the testimony. It is not disclosed by the record upon which theory the trial court admitted the quitclaim deed in evidence, whether upon the ground that the respondents were in possession of the strip of land in dispute at the time appellant made his purchase and that appellant had notice of such open and visible possession, or whether it was found that there was actual notice given of the existence of such deed as testified to by respondents. However that may be, it is clear that this court would not be warranted in interfering with the findings of fact of the trial court.

There were no instructions requested on either side at the trial of this cause, and it is manifest from

the record, conceding for the sake of argument the contention of appellant in respect to the conveyances from Johnson and wife to Mrs. Jennings and Parks, that James W. Green, through whom both the appellant and respondents claim title, conveyed and embraced the strip of land in dispute in the quitclaim deed introduced in evidence, this deed was executed and delivered sometime prior to the deed under which appellant claims, and as heretofore stated, appellant made his purchase and accepted his deed with notice of the claim and title of the respondents.

We have carefully analyzed the disclosures of the record in this cause and being unable to find any reversible error the judgment of the trial court should be affirmed, and it is so ordered.

All concur.