262 S.W.2d 844 (1953)
KARSZNIA
v.
KELSEY et al.
No. 43500.
Supreme Court of Missouri. Division No. 2.
December 14, 1953.
Sluggett & Sluggett and John T. Sluggett, III, Clayton, for appellant.
Louis B. Sher and Donald J. Sher, St. Louis, for respondents.
BOHLING, Commissioner.
Frank J. Karsznia, also known as Frank J. Francis, filed an action in ejectment against Columbus Kelsey and Ella Kelsey, husband and wife, for the possession of the "north 90 feet of Lot 447" of Riverview Gardnes, St. Louis County, Missouri. Defendants' answer was a general denial, coupled with a counterclaim asking equitable relief, including among others, that the court adjudge and decree the fee simple title in defendants. The judgment and decree was for the defendants, the court dismissing plaintiff's petition and adjudging and decreeing the fee simple title to the real estate in defendants. Plaintiff appealed.
The facts material here follow:
Defendants acquired the title to the real estate by general warranty deed, dated November 20, 1944, and duly recorded on November 21, 1944. They have resided on said premises as a homestead ever since they acquired the title.
On October 14, 1949, defendants borrowed $1,400, gave their note, payable three years *845 after date, as evidence of said indebtedness, and secured the payment thereof by a deed of trust, recorded on October 14, 1949, on said real estate.
Subsequent to acquiring said homestead, defendants became indebted to Barbara Roth and John Roth; and on May 12, 1950, the Roths obtained a judgment on said indebtedness against defendants in the Magistrate Court of St. Louis County for $150 and thereafter filed a transcript of said judgment in the office of the Clerk of the Circuit Court of said county.
Thereafter, proceedings were had, unquestioned except as to their effect, resulting in a levy and sale at public vendue of said real estate by the Sheriff on August 28, 1950, under an execution issued on June 1, 1950 on said judgment; and a deed under the execution to A. J. Lange, the purchaser, which deed was duly recorded.
On June 3, 1950, prior to said sale, the Sheriff notified the defendants of said levy and their exemption rights, asking them to make selection of their exemptions at once. The defendants did nothing formal to claim their exemptions.
On January 10, 1951, plaintiff purchased said real estate from A. J. Lange, who conveyed by quit-claim deed. Plaintiff paid $975 for the property and assumed the deed of trust against the real estate securing the aforesaid $1,400. He had no connection with the Sheriff's sale.
Riverview Gardens is a city, incorporated town or village having a population of less than 10,000 persons. Defendants' homestead did not include more than five acres of ground and the value of their equity therein is less than $1,500. § 513.475 (Statutory references are to RSMo 1949, V.A.M.S.)
Defendants' land being subject to a deed of trust, they were entitled to a homestead exemption in what remained of the total value of the land after deducting the indebtedness secured by the deed of trust. §§ 513.475, 513.485; Reed Bros. v. Nicholson, 189 Mo. 396, 88 S.W. 71, 72(1); Farmers' Bank of Higginsville v. Handly, 320 Mo. 754, 9S.W.2d 880, 894[13].
Defendants' homestead, their indebtedness to the Roths arising after its acquisition, was not subject to execution to satisfy said debt. § 513.510; Sperry v. Cook, 247 Mo. 132, 152 S.W. 318; Brune v. Rathbun, Mo., 204 S.W.2d 705, 706[2].
Section 513.480 of our homestead law, so far as material here, provides that when an execution is levied upon real estate, part of which is subject to exemption as a homestead under § 513.475, the head of the family "shall have the right to designate and choose the part thereof to which the exemption created in section 513.475, shall apply, not exceeding the limited value; and upon such designation and choice, or in case of a refusal to designate or choose, the sheriff levying the execution shall appoint three disinterested appraisers, who shall * * * fix the location and boundaries of such homestead, and the sheriff shall then proceed with the levy of such execution upon the residue of such real estate as in other cases * * *."
Plaintiff seeks to apply the doctrine of estoppel through silence or inaction against defendants. He argues, the Sheriff having notified defendants of the levy and their exemption rights, that defendants were required to step forward and claim their homestead at or before the execution sale, and their failure to do so should preclude their asserting a homestead at a later date to the detriment of a bona fide purchaser for value without notice. Plaintiff's authorities do not involve homestead rights. Illustrative thereof are: 19 Am.Jur. 661, § 55; 31 C.J.S., Estoppel, § 88, page 306; Berry v. Cobb, 223 Mo.App. 934, 20 S.W.2d 296, 298[2]; Davis v. Lea, 293 Mo. 660, 239 S.W. 823, 826; Liese v. Sackbauer, Mo., 222 S.W.2d 84, 87; Mitchell v. Newton County Bank, 220 Mo.App. 223, 282 S.W. 729, 731. The doctrine invoked by plaintiff is not operative unless a duty to speak exists. Anthony v. Midwest Livestock Comm. Co., Mo., 260 S.W. 94, 98[3]; State on inf. of McKittrick ex rel. City of California v. Missouri Utilities Co., 339 Mo. *846 385, 96 S.W.2d 607, 615[10], 106 A.L.R. 1169. There is no obligation to disclose matters of which the other party has actual or constructive knowledge. Williams v. Reid, Mo., 37 S.W.2d 537, 542[13]; 31 C.J.S., Estoppel, § 90, page 309; 19 Am.Jur. 665, § 55.
The homestead is an estate suigeneris. It is governed by the homestead law, can only be sold in pursuance to the provisions of that law, and is not subject to the general law relating to the descent and distribution of estates. The homestead law is a code unto itself, having for its purpose the safekeeping of the homestead for the householder, his widow and minor children by making it forbidden fruit to creditors. Armor v. Lewis, 252 Mo. 568, 577 et seq., 161 S.W. 251, 253 et seq.; Balance v. Gordon, 247 Mo. 119, 124, 152 S.W. 358, 359; In re Rombauer Estate, Mo., 256 S.W. 1066, 1067[1]; Maupin v. Longacre, 315 Mo. 872, 288 S.W. 54, 58(111).
Defendants occupied the premises as their homestead. It did not exceed in quantity or value what the law allows as a homestead. Under § 513.475 it was "exempt from attachment and execution".
As stated in Squires v. Kimball, 208 Mo. 110, 119, 106 S.W. 502, 504, citing and quoting authority, one who buys real estate in the visible possession of a third person is chargeable with notice of the title and rights of that person in the premises; and, under the instant record, plaintiff is not in the position of an innocent purchaser. Hallauer v. Lackey, 353 Mo. 1244, 188 S.W.2d 30, 34[6].
The court considered now § 513.480, quoted supra, in Vogler v. Montgomery, 54 Mo. 577, 584, stating: "We infer from this section that in a case where a homestead is claimed, the sheriff cannot proceed with the levy until he has thus appointed appraisers; nor does it seem to be material whether the housekeeper or the head of the family asserts his claim or not. * * * He cannot proceed with his levy until he has ascertained, in the mode directed by the act, the extent and the value of the premises, and that they are beyond the limit protected against executions."
In Tapley v. Ogle, 162 Mo. 190, 197, 62 S.W. 431, 432, the housekeeper failed to claim the property sold at an execution sale to be exempt as a homestead. The court in sustaining the homestead rights said: "Under our statute, when a homestead comes within its prescribed limits both as to quantity and value, as in the case at bar, it is absolutely exempt from attachment and sale under execution for the payment of debts contracted after its acquisition by the homesteader; and it is wholly unnecessary, as it is in many states, that he in such case should claim it as exempt, for the law so declares it." See also Peake v. Cameron, 102 Mo. 568, 569, 574, 15 S.W. 70; Rogers v. Marsh, 73 Mo. 64, 69(2); White v. Spencer, 217 Mo. 242, 258, 259, 117 S.W. 20, 25; Macke v. Byrd, 131 Mo. 682, 688, 33 S.W. 448, 449; Ehlers v. Potter, Mo., 219 S.W. 915, 918[2, 3]; 40 C.J.S., Homesteads,§§ 193, 210; 26 Am.Jur. Homestead, § 87, n. 16; § 89, nn. 9, 10; § 94, nn. 2-5; § 210, n. 14.
Under the Missouri homestead law the mere silence and failure to formally claim a homestead prior to an unauthorized execution sale does not estop the head of a family from later asserting his homestead rights.
The judgment is affirmed.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur.