CHURCH G. COLE, Plaintiff in Error, *v.* AARON GREEN, Defendant in Error.

### ERROR TO CASS.

Where a judgment debtor has but sixty dollars' worth of property, he need not prove a formal or express selection by him, of that property, in order to protect it from levy and sale on execution.

If a debtor has but sixty dollars' worth of property, the statute exempts it from the effect of any judgment, execution or attachment; it is placed beyond the reach of the law, unless by the voluntary act of the owner.

GREEN claimed the property levied upon, as exempt from execution. On the trial of right of property, the case was submitted to the court, HARRIOTT, Judge, presiding, who found the law and facts for Green. Cole, the plaintiff in execution, took exception, and brings the cause to this court.

WALKER & SMITH, for Plaintiff in Error.

J. GRIMSHAW, for Defendant in Error.

CATON, C. J. The evidence as to the value of the debtor's property is very conflicting, and it was the province of the court below, sitting in the place of a jury, carefully to consider it, and determine the facts thereby established, as a jury would have done. The court found that the proof showed that the value of the property did not exceed sixty dollars, and we cannot say that such finding was contrary to the evidence. We shall therefore consider that fact as settled. And also that the property was suited to the condition in life, of the debtor, and that he was the head of a family and residing with the same, which facts were also necessarily determined by the finding of the court.

The provision of the statute is this : " The following property, when owned by any person being the head of a family, and residing with the same, shall be exempt from levy and sale on any execution, writ of attachment, or distress for rent ;  *  *  *  * and sixty dollars' worth of property suited to his or her condition or occupation in life, to be selected by the debtor." The question to be considered is, whether it is necessary, when the debtor has but sixty dollars' worth of property, to prove an express and formal selection by him, of that property, under this statute, in order to protect it from levy and sale on an execution.

Looking at the reason which induced the legislature to insert this provision authorizing a selection to be made, we are of opinion that in such case no formal or express selection need be proved. In adopting this provision it was assumed by the legislature that the debtor would have more than this amount of property not specifically exempt, from which the selection could be made. This is necessarily implied by the meaning of the word *select*, which is to pick out or take from among a number. There can be no selection, where there is nothing left. One may take the whole, but he cannot select the whole. Where there is but sixty dollars' worth of property, this portion of the statute can have no application or meaning. The case does not exist where it can perform its office. In such a case, the statute, by its own force, sets apart the whole property to the use of the debtor, and absolutely exempts it from levy and sale on the execution. As to it, no judgment, execution, or attachment can exist. The judgment creates no lien, and the execution creates no power over it. By the law itself it is placed beyond the reach of the law, unless by the voluntary affirmative act of the owner. The law will only take cognizance of it for the purpose of protecting him in its enjoyment. He may sell or mortgage it, no doubt, and thus bring it within the influence of the law regulating the transfer of property, but in doing so, the title passes from him as free from the influence of the judgment and execution as it existed in his hands.

We are of opinion that the judgment of the Circuit Court should be affirmed.

*Judgment affirmed.*