## PARKER v. BURTON, Appellant.

### Division One, February 18, 1903.

1. **County Boundaries:** JUDICIAL NOTICE.  Where a tract of land is described by section, township and range, courts will take judicial notice that it is in a certain county.

2. **Plat:** DEFINITE POINT: EVIDENCE.  Where the plat of dedication of a forty acres of ground for townsites, shows the town to be located on both sides of a right of way of a railroad running through it, with a star marking the center of the right of way, and a statement that this star is a certain distance from a corner of the quarter section, and the lines of the lots are drawn with reference thereto, and the location of each block and lot can be ascertained by the measurements given on the plat, it should be admitted in evidence in a suit in which the title to one of the lots is drawn in question.

3. **Tax Suit:** SERVICE BY PUBLICATION: NON-RESIDENT.  The petition in the tax suit contained no allegation that the defendant, whom the record showed to be the owner, was a non-resident or had absconded, but the sheriff's return was that he could not be found. Thereupon the collector made affidavit that he "has absconded and can not be found at his usual place of abode in this State," whereupon the court made an order of record to the effect that, inasmuch as defendant is "a non-resident of the State of Missouri," notice be given by publication for him to appear, and at the next term on his failure to appear judgment was entered against him.  *Held,* that said judgment was void, for two reasons; first, by the affidavit of the collector it affirmatively appears that defendant was not a non-resident, since he swore that he had "absconded from his usual place of abode in this State;" second, the suit was against defendant as a non-resident, as shown by the record entry ordering notice by publication, and there was no allegation in the petition or in a subsequent affidavit that defendant was a non-resident, as the statute requires.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED.

*R. B. Bristow* for appellant.

(1) The defendant's objections to the admission of the deed of dedication of the town of Holliday and the plat of the town should have been sustained. Neither of these papers sufficiently identified the location of the town or of the lot in question and no parol testimony was introduced to aid (if it could have been aided) the deed and the plat. 4 Am. and Eng. Ency. of Law, 302 and note 3; Campbell v. Johnson, 44 Mo. 247; Hardy v. Mathews, 38 Mo. 121; Vasquez v. Richardson, 19 Mo. 96; Hogan v. Page, 32 Mo. 79; Holme v. Strautman, 35 Mo. 293; Alexander v. Hickox, 34 Mo. 496. (2) Defendant's instruction in the nature of a demurrer to the evidence should have been given. The judgment in the tax suit was void, because the court failed to get service on Burton, having first sued him as a resident defendant and failing to get service on him, the plaintiff made and filed an affidavit for service by publication against him as an absent, absconding defendant, and the order of publication as made by the court recites, "And the court being duly informed by evidence of the plaintiff herein that Samuel Burton is a non-resident of the State of Missouri," etc., the order of publication was made and executed against him (or attempted to be) as a non-resident, reciting the findings as made by the court. R. S. 1889, sec. 2022; Harness v. Cravens, 126 Mo. 233; Tooker v. Leake, 146 Mo. 419; Crossland v. Admire, 149 Mo. 650; State ex rel. v. Horine, 63 Mo. App. 1.

*W. T. Ragland* for respondent.

BRACE, P. J.—This is an action in ejectment to recover possession of "the south two-thirds of lot 2 in

block 10 in the town of Holliday in Monroe county.''

The petition is in common form. The answer a general denial. At the close of the plaintiff's evidence the defendant demurred thereto. The demurrer was overruled, and the issues submitted to the jury without instructions. The verdict was for the plaintiff, and from the judgment thereon in his favor the defendant appeals.

Plaintiff claims title under a sheriff's deed dated November 4, 1897, duly executed, acknowledged and recorded, made in pursuance of a sale under execution, on a judgment of the circuit court of Monroe county, in favor of the State of Missouri at the relation and to the use of George W. Waller, collector of the revenue of said county, against Samuel Burton et al., in an action for delinquent taxes. On the trial, after showing record title from the Government in Thompson Holliday to the northwest quarter of the southwest quarter of section 3, township 54, range 11, plaintiff offered in evidence the record of a deed of dedication and plat of said town duly executed by the said Holliday, to the admission of which defendant objected on the ground that ''it did not identify the location of the town except as being in the northwest quarter of the southwest quarter of section 3, township 54, range 11, the county not being designated, and no definite point fixed to begin the measurements.'' The court overruled the objection, and this is assigned as error.

(1) Courts take judicial notice of county boundaries, of government surveys, and of the subdivisions of land thereunder, and where the section, township and range are given, know whether the lands included in the survey are within the boundaries of a given county. [17 Am. and Eng. Ency. of Law (2 Ed.), pp. 912 and 913.] Hence it appeared from the plat, that the town of Holliday, being in the northwest quarter of the southwest quarter of section 3, township 54, range 11, was in Monroe county. And it also appearing from the plat that the town is located on both sides of a railroad running diagonally through the town, the center of the right

of way of which, where it crosses the east line of the town, is marked by a star (*) which is stated to be 8.44 chains from the northeast corner of said northwest quarter of southwest quarter of section 3, township 54, range 11, and the lines drawn with reference thereto, showing that the east and north lines of the town are coincident with the east and north lines of the forty, the location of each block and lot can be easily ascertained from these lines by the measurements given on the plat, and the court committed no error in overruling this objection.

(2)   By deed dated August 1, 1876, duly executed, acknowledged and recorded, Samuel Burton acquired the legal title of said Holliday to lot 2 in block 10 of said town, which deed plaintiff gave in evidence, and then offered in evidence said sheriff's deed, together with the execution, judgment, record entries, pleadings and files in the tax suit in which such judgment was rendered, all of which were admitted in evidence, over the objections of the defendant. It appeared therefrom, that the tax suit was instituted by petition in the usual form for delinquent taxes for the years 1890, '91, '92 and '93, amounting in the aggregate to the sum of $8.22, against the premises, of which the said Samuel Burton was alleged to be the owner of the record title. That the summons issued thereon returnable to the April term, 1896, of said court, was duly returned served as to the other defendants, but as to him the return was "Samuel Burton not being found in my county." That judgment by default was taken against the other defendants, and the cause continued. That afterwards at the April term, 1897, of said court, the following affidavit was filed:

"State of Missouri, county of Monroe, ss.

"George W. Waller of lawful age being duly sworn on his oath states that he was on March 31, 1896, and now is the collector of the revenue within and for Monroe county, Missouri, and as such he did institute a suit against Samuel Burton, Sarah Burton, Geo. W. Seibert and Louis Bassett, for taxes due and owing by them

on the south two-thirds of lot two in block ten of the town of Holliday, Monroe county, Missouri, on March 31, 1896.     That service (personal) has been had on Sarah Burton, Geo. W. Seibert and Louis Bassett, and that the defendant Samuel Burton has absconded and absented himself from his usual place of abode in this State; that the ordinary process of law can not be served upon him.     Further this deponent saith not.

"G. W. WALLER.

"Sworn to and subscribed before me this 27th day of April, 1897.

"CHAS. A. CREIGH.

"Clerk of the Circuit Court for Monroe county, Missouri."

And thereupon the following order was made and entered of record:

"State of Missouri, county of Monroe, ss.

"In the Circuit Court of Monroe county, Missouri.

"State of Missouri ex rel. George W. Waller, Plaintiff.
                    vs.
"Samuel Burton et al., Defendant.

"The State of Missouri, to the above named defendant, Samuel Burton, Greeting:

"Now on this 27th day of April, 1897, April term, 1897, of said circuit court, comes plaintiff herein by attorney before said court:     And the court being duly informed by evidence of the plaintiff herein that said defendant, Samuel Burton, is a non-resident of the State of Missouri and can not be summoned herein by ordinary process of law.     It is therefore ordered by said court that said defendant, Samuel Burton, be notified by publication that said plaintiff by petition herein filed of date December 30, 1895, has commenced suit against said defendant, the immediate object and general nature of which is to enforce the collection of taxes for said State and county due on the following described real estate, to-wit:     The south two-thirds of lot two in block ten of the town of Holliday for the years 1890,

1891, 1892, 1893, and all unpaid taxes on said land. And it is further ordered that said defendant be and appear in this court, on the first day of the next term thereof, to be holden at the city of Paris, Monroe county, Missouri, on Monday the 25th day of October, 1897, and on or before the third day of said term to answer or plead to said petition, or in default therein said petition will be taken and adjudged as confessed, and judgment by default will be rendered against said defendant. It is further ordered that a copy hereof be duly published at least once a week for four consecutive weeks in the Madison Times, a weekly newspaper duly printed and published and circulated in said Monroe county, and duly designated by plaintiff's attorney, and duly approved by said clerk most likely to give notice to defendant, the last insertion to be at least fifteen days before said next term of said court.''

Upon proof of the publication of this order duly made the court on November 4, 1897, rendered the final judgment in said cause against all the defendants, under which the premises were sold, on execution, and purchased by the plaintiff, who claims to have acquired the title of the said Samuel Burton to the premises by virtue of the sheriff's deed aforesaid, executed in pursuance thereof.

The defendant contends that the court erred in admitting the judgment, execution and sheriff's deed in evidence, and in refusing to sustain the demurrer to the evidence, on the ground that it appears from the record that the said Samuel Burton was not legally served with process in the tax suit in which such judgment was rendered. In such cases service by publication is authorized (R. S. 1889, sec. 7682; R. S. 1899, sec. 9303), ''if the plaintiff or other person for him shall allege in his petition, or at the time of filing same, or at any time thereafter shall file an affidavit stating that part or all of the defendants are non-residents of the State. . . . or have absconded or absented themselves from their usual place of abode in this State. . . . or that they have concealed themselves so that

the ordinary process of law can not be served upon them." . . . [R. S. 1889, sec. 2022, R. S. 1899, sec. 575.] Or when "summons shall be issued against any defendant, and the sheriff to whom it is directed shall make return that the defendant or defendants can not be found, the court, being first satisfied that process can not be served." [R. S. 1889, sec. 2024, R. S. 1899, sec. 577.]

It appears upon the face of the record in the tax suit, that service of notice by publication was ordered on the ground that the court had been "duly informed by evidence of the plaintiff herein that said Samuel Burton is a non-resident of the State of Missouri." In order that non-residence may afford a basis for an order of publication, the statute requires the allegation of that fact in the petition or in an affidavit filed with the same, or some time thereafter. The petition in that suit contained no such allegation, nor was any affidavit containing such an allegation filed therewith or there-after. On the contrary, the petition was silent on that subject, the said defendant was sued, and the summons issued against him as a resident defendant, and the alle-gation contained in the only affidavit filed in the case was that the said defendant "had absconded and absented himself from his usual place of abode in this State." Thus it appeared both affirmatively and negatively that said defendant was a resident and not a non-resident of the State, and under the statute the court had no author-ity to order service on him as a non-resident by publica-tion. It may be, that the court had authority to make an order of publication against him as a resident "who could not be found" or "who had absconded or absented himself from his usual place of abode in this State." But the order was not based upon any such authority, but solely on the fact that he was a non-resident, which fact was not only not made to appear in the manner required by the statute, but is negatived by the record.

Jurisdiction of the person of the defendant could only be acquired by a strict compliance with the re-quirements of the statute, and it appearing from the

record, that the statutory provisions authorizing service by publication were not complied with in the tax suit the judgment therein against the said defendant Samuel Burton was and is void. [Crossland v. Admire, 149 Mo. 650; Tooker v. Leake, 146 Mo. 419; Harness v. Cravens, 126 Mo. 233; Wilson v. Railroad, 108 Mo. 588; Charles v. Morrow, 99 Mo. 638; Adams v. Cowles, 95 Mo. 501; Schell v. Leland, 45 Mo. 289; State ex rel. v. Horine, 63 Mo. App. 1.] Some other objections to the judgment are urged, but in view of what has been said, they need not be noticed. It follows that the judgment being void as to Samuel Burton, his title to the premises was not affected thereby, and was not acquired by the plaintiff under the sheriff's deed, and as this was the only title which the plaintiff claimed the court erred in refusing to sustain the defendant's demurrer to the evidence and in admitting said deed in evidence. For which errors the judgment of the circuit court will be reversed.

All concur.