### ARMOLD v. LANG et al.

(District Court, E. D. Missouri, N. D. March 10, 1926.)

**1. Bankruptcy ⟨⟩185—Trustee stands in shoes of creditors relative to right to have deed to bankrupt and wife modified, to show his interest subject to his debts.**

Trustee in bankruptcy stands in the shoes of the creditors, with right to have deed to bankrupt and wife as tenants by the entirety, made when he was insolvent, modified, if his real interest was subject to his debts.

**2. Bankruptcy ⟨⟩303(3)—Bankrupt's testimony held not inconsistent with oral gift by his father having been to him and his wife as tenants by the entirety.**

Testimony of bankrupt at creditors' meeting subsequent to bankruptcy, *held* not inconsistent with oral gift of lot by his father having been, as expressed in his father's deed, to him and his wife by the entirety.

**3. Frauds, statute of ⟨⟩129(9).**

As respects statute of frauds, oral gift of lot for donees' home, followed by their building thereon and taking possession, vests equitable title in them.

**4. Husband and wife ⟨⟩14(2)—In Missouri, interest of spouses in lot orally given them, on which they then built and moved, is that of tenants by the entirety.**

In Missouri, interest of husband and wife in lot orally given them for a home, on their building thereon and taking possession, is that of tenants by the entirety; equitable title being enough therefor, and recital of their interests or nature of their tenancy being unnecessary.

**5. Fraudulent conveyances ⟨⟩106.**

Act of husband, when out of debt, in improving with his money lot of himself and wife, is a gift or provision for her of which subsequent creditors may not complain.

In Equity. Suit by Jacob S. Armold, trustee of estate of Carl G. Lang, bankrupt, against Frances M. Lang and Carl G. Lang. Bill dismissed.

Wilson & Schmiedeskamp, of Quincy, Ill., and J. A. Whiteside and B. L. Gridley, both of Kahoka, Mo., for complainant.

T. L. Montgomery, of Kahoka, Mo., and Mahan, Mahan & Fuller, of Hannibal, Mo., for defendants.

DAVIS, District Judge. The question to be determined is whether a deed from Adam Lang to his son Carl G. Lang and Frances M. Lang, his wife, dated May 2, 1917, should be set aside, and the conveyance so modified as to vest the title to certain real estate in Carl G. Lang, so that the trustee in bankruptcy may recover said real estate, subject to the homestead right of Carl G. Lang and wife.

I. Adam Lang and wife resided in Kahoka, Clark county, Mo. The home was located on a large lot. His son, Carl G. Lang, married in 1906, and he, too, resided in Kahoka. Adam Lang entertained a father's affection and solicitude toward both his son and his son's wife. Shortly after Carl G. Lang's marriage, the father made an oral gift of a portion of his lot to Carl G. Lang, or to Carl G. Lang and his wife, for the purpose of having him or them erect a dwelling thereon, to be used by them as their home. The house was erected in 1909 and 1910, and upon its completion the son and his family moved in, and have occupied same as their home to the present time. The son expended $6,000 or $7,000 in the construction of the house, $800 of which was provided by his wife from funds of her separate estate.

Carl G. Lang's financial condition became precarious in 1916. He was then insolvent. Adam Lang and Elizabeth Lang, his wife, on May 2, 1917, without knowledge of the son's financial situation, executed a deed to the real estate on which the dwelling was erected to Carl G. Lang and Frances M. Lang, his wife, as tenants by the entirety, which deed was on the same day duly recorded. Carl G. Lang was adjudicated a bankrupt in December, 1922. The complainant is the duly qualified and acting trustee of the bankrupt estate.

[1] II. The trustee stands in the shoes of the creditors. The creditors are entitled to benefit by whatever interest Carl G. Lang had in the real estate prior to May 2, 1917, so far as the same is capable of being legally appropriated. The complainant asserts that he had an interest in the real estate, but that the deed of May 2, 1917, affected his interest so that it cannot now be seized in satisfaction of the claims of creditors. If the effect of this deed was to render immune from attack Carl G. Lang's interest in this real estate, which prior to the deed was subject to the payment of his debts, then complainant's position is well taken. On the other hand, if the deed of May 2, 1917, was in conformity with Carl G. Lang's interest in the real estate, then there exists no cause for complaint.

[2] III. The trustee, therefore, acting for the creditors, was entitled to have a deed executed which was in conformity with the existing interests in the property at the time of the conveyance. To determine the interests of the parties, we must look to the terms of the oral gift of the father. Carl G. Lang and Frances M. Lang testified that he gave the land to them, to the son and his wife; that he first stated this shortly after their marriage, and so reiterated his purpose time after time. No other witnesses testified on this subject. The deed of May 2, 1917, was in conformity with the declared intention of the father. No suggestion of a contrary purpose finds any support in this record, unless it be the testimony of Carl G. Lang, at the creditors' meeting in 1923, subsequent to bankruptcy. It is brief, but important; so we quote it:

"Q. Do you remember what the house cost you? A. Something between $5,000 and $6,000.

"Q. Beside the lot? A. That is outside of grading, just the actual house.

"Q. How long after you married did you build? A. Two and a half years.

"Q. Your father gave the lot to you before or after your marriage? A. After.

"Q. When he first gave it to you, did he give you any writing? A. No; simply said, 'Use it,' and the deed wasn't made until the date of the deed.

"Q. Was the deed made after the house was built? A. After.

"Q. You paid your father no consideration for it; he just made it a gift? A. Yes."

Does this testimony at the meeting of the creditors essentially contradict the evidence at the trial? We think not. The bankrupt was faced by his creditors and subjected to an examination. The occasion was not one that inspired free expression. The bankrupt answered the questions as put. He was not asked to whom the gift was made. His attention was not directed to terms of the gift. No inquiry was made as to whether the father gave the lot to him alone, or to him jointly with his wife. No answer that he made was inconsistent with the gift of the father as given expression in the deed of May 2, 1917.

The outstanding fact revealed by the evidence is that Adam Lang, prior to 1910, made an oral gift of the land in question to his son and to his son's wife, so that they might erect their dwelling thereon and make their home near the father.

[3] IV. The defendants acted on this oral promise to convey. Carl G. Lang and his wife constructed their home on this lot of ground. They did this at an outlay of several thousand dollars, and immediately upon the completion of the dwelling they took possession of the same as their home, all with the knowledge of Adam Lang and in compliance with his wish and promise. The equitable title to the lot vested in the defendants in 1910, and they could have had a decree to that effect at any time subsequent thereto.

"The general rule is that a parol gift of land, accompanied by possession by the donee, will be enforced in equity, when the donee has been induced by the promise of the gift to make valuable improvements to the land, of a permanent nature, and to such an extent as to render a revocation of the gift unjust, inequitable, and a fraud upon the donee. Such a state of facts will take the case out of the statute of frauds, and entitle the donee to enforce specific performance of the gift." 28 Corpus Juris, 656. See Missouri cases cited.

[4] V. What, then, was the nature of this interest in the real estate, which vested at the time the defendants made the improvements and took up their residence on the premises in question? The conveyance or transfer of property, real or personal, in Missouri, to persons between whom there exists the status of husband and wife, creates an interest by the entirety. It is not essential that the instrument recite the interest that the respective parties are to take or the nature of their tenancy. Ashbaugh v. Ashbaugh, 201 S. W. 72, 273 Mo. 353; Stifel's Brewing Co. v. Saxy, 201 S. W. 67, 273 Mo. 159; L. R. A. 1918C, 1009; Frost v. Frost, 98 S. W. 527, 200 Mo. 474; 118 Am. St. Rep. 689. That such a tenancy exists in personal property indicates that this form of ownership prevails in its full vigor in Missouri. Johnston v. Johnston, 73 S. W. 202, 172 Mo. 91, 61 L. R. A. 166, 96 Am. St. Rep. 486; Lomax v. Cramer, 216 S. W. 575, 202 Mo. App. 365.

It is also the established doctrine that a tenancy by the entirety exists when husband and wife are the donees of an oral gift of real estate. It is not necessary that they have the legal title. McCune v. Graves, 201 S. W. 894, 273 Mo. 584; Rhodes v. Outcalt, 48 Mo. 367. In view of the prevalence of this form

of ownership of property under the decisions of this state, the interest of the defendants in the real estate in question subsequent to 1910, and prior to the deed of 1917, was that of tenants by the entirety of the equitable estate. The deed of May 2, 1917, merely gave to them the legal title, and it did not affect or change the interest of either of the defendants as it then existed.

[5] Since the relation of tenants by the entirety existed between the defendants, the fact that Carl G. Lang used in the greater part his own funds to construct the dwelling placed on the lot is of no significance. Where a husband expends his own money, at a time when he has no debts, in the improvement of premises which are owned by himself and wife, the law regards his act in so doing as a gift or provision for his wife, of which subsequent creditors have no right to complain. Siling v. Hendrickson, 92 S. W. 105, 193 Mo. 365; Bender v. Bender, 220 S. W. 929, 281 Mo. 473.

It follows that complainant's bill should be dismissed, at his cost.