ARTHUR M. HYDE, Appellant, v. D. T. COPELAND.—No. 37965.—173 S. W. (2d) 684.

Division Two, August 27, 1943.

Thomas J. Layson for appellant.

582

C. C. Ross for respondent.

WESTHUES, C.—This is a suit in equity, filed by plaintiff, wherein he seeks to remove a cloud from his title to a tract of land of two hundred and fifty-nine acres located in Grundy county, Missouri. The alleged cloud upon the title was in the form of a judgment in favor of the defendant Copeland and against Fred A. Hein from whom plaintiff purchased the land. Copeland had an execution issued about two years after plaintiff had purchased the land and the sheriff levied upon the land in question to satisfy [685] the judgment. The trial court entered a judgment granting plaintiff a first lien upon the land in the sum of $6,821.76, being the amount due on a note executed by Hein which was secured by a deed of trust upon the land, and ordered the land sold subject to that lien. Plaintiff in his petition also asked the court to give him credit for improvements, credit for

the amount of a homestead which Hein had possessed and also asked for an injunction and that the cloud be removed from the title. All of this the trial court denied and from that judgment plaintiff appealed.

Respondent urges that the trial court did not have jurisdiction to try this as an equity case. We need not cite authorities to sustain appellant's position that a suit to remove a cloud from a title to land, and wherein plaintiff seeks credit for valuable improvements placed upon the land, is a suit in equity. The facts and circumstances leading up to this lawsuit were not in dispute. We will recite as much thereof as is pertinent to the issues in the case. Fred A. Hein and wife owned the land in question. In the year 1926 they executed a note for $6,000.00, payable to the Phoenix Mutual Life Insurance Company, and secured the same by a deed of trust on the land. In December, 1932, the defendant Copeland obtained a judgment in the circuit court of Grundy county in the sum of $640.00 against William and Fred A. Hein. In December, 1937, a writ of scire facias was issued to renew the judgment, and on February 22, 1938, the circuit court of Grundy county adjudged a revival thereof. On February 23, 1938, plaintiff purchased from Fred A. Hein and his wife the two hundred and fifty-nine acres of land involved. The deed was recorded February 25. There was $6,821.76 due on the note held by the Phoenix Mutual Life Insurance Company. There was also due against said land $440.71 back drainage taxes and $262.65 state and county taxes, making a total of $7,525.12 as liens against the land, which of course were prior to that of the judgment. Plaintiff gave the Heins, as consideration for the equity in the land, two years of rental of other land which was valued at about $250.00 per year. Plaintiff took possession of the farm and placed thereon improvements which the trial court found to have cost in excess of $15,000.00. In October, 1940, when the improvements were about completed, the defendant Copeland had an execution issued and levied upon the land for the purpose of satisfying his judgment. This suit followed.

The evidence as to the value of the land at the time plaintiff purchased it was that it was worth about $30.00 per acre or a total of $7,770.00. The trial court found that the land was not worth more than $8,000.00. The evidence showed that plaintiff, prior to the time he purchased the land, employed a competent abstracter to ascertain and determine the amount of liens thereon. The abstracter failed to discover that the judgment of revival had been entered. The trial court's finding as to the condition of the record will sufficiently illustrate why the abstracter failed to discover the revival judgment. The findings are as follows:

"I find that neither plaintiff nor his abstracter had any actual knowledge of the original or the revived judgment until October, 1940. That while the judgment of 1932 was properly docketed and recorded

there was in existence no entry in the docket judgment index relative to the revival judgment of 1938, on either February 22, 23, 24 or 25, 1938. I find there was in existence on these last named dates the following:

"First, The original papers of the 1932 suit and the original judgment therein properly docketed and spread of record in Grundy County, Missouri.

"Apparently no index of suits filed was kept by the clerk in 1932.

"Second, Separately kept, the papers in the revival suit, consisting of the petition for *Scire facias,* summons and return and perhaps others not necessary here to describe the revival suit being indexed as a 'suit filed' under the style 'D. T. Copeland v. William Hein et al.'

"Third, The judge's docket entry of the revival judgment.

"Fourth, A revival judgment entry signed by the circuit judge and stamped 'filed' by the clerk, with the papers mentioned in paragraph two."

In plaintiff's petition it was alleged that the original judgment was void because of a defective writ of summons. It was also alleged that the records of the circuit court, as they existed at the time plaintiff's deed was filed of record, were insufficient to impart constructive notice of the revival judgment. Plaintiff also claimed credit for the improvements, the [686] amount of the liens for taxes, as well as the deed of trust. He further claimed that Hein owned a homestead and since the value of the homestead lien together with the other liens exceeded the value of the land he obtained title by virtue of a deed from Hein and wife free from any judgment. We find that this latter contention of plaintiff must be sustained and therefore all other questions pass out of the case. It was conceded by the defendant at the trial that the homestead of Hein antedated the indebtedness upon which Copeland's judgment was based; that the deed of trust was prior in point of time to the judgment; that Hein did in fact have a homestead exemption in the land and that the value of the homestead and the liens, that is the taxes and the deed of trust, exceeded the value of the land. In considering this question plaintiff's rights must be measured as of the time he purchased the land from Hein. Muster v. Mallen, 163 S. W. (2d) 578, l. c. 580 (4). In the case of Beckmann v. Meyer, 75 Mo. 333, this court held that a homestead could be conveyed free and clear of any judgment that might be existing against the homesteader. At page 336 of 75 Mo. the court said:

"The law, in securing a homestead against creditors, does not render its humane provision ineffectual, by prohibiting an alienation of the premises. The householder may sell his homestead, and with the proceeds acquire another. This would be impossible, if the alienation of the first would subject it to judgment debts of the vendor. A judgment creates no lien upon a homestead, and, therefore, none

will follow it into the hands of the vendee. Green v. Marks, 25 Ill. 221; Cole v. Green, 21 Ill. 104; Smith v. Allen, 39 Miss. 469; Smith v. Rumsey, 33 Mich. 191; Black v. Epperson, 40 Tex. 162.''

See also 29 C. J. 919, 920, sec. 325, notes 43, 44, where the court said:

''. . . in most jurisdictions, where the question has arisen, the exempt character of the homestead property existing at the time of a sale thereof runs with the transfer and, so far as the rights of the purchaser are concerned, no claim or judgment can be asserted against it *which could not be enforced during the time the debtor occupies it as a residence.''* (Italics ours.)

In this case the defendant Copeland recognized that Hein had no other property than the equity in the land which was exempt from execution. The attorney for Copeland testified that he discussed with Copeland the question of levying upon the personal property of Hein, but that Hein did not own any that was not mortgaged and Copeland did not want to levy upon the farm because he did not want to take it subject to the deed of trust. In other words Hein was execution proof. The attorney also testified that about a month after the sale he notified Copeland that plaintiff had purchased the land. Copeland, however, did nothing until plaintiff had spent over $15,000.00 in improving the land.

Defendant argues that since the farm contained more than one hundred and sixty acres, which is the limit of a homestead, the judgment was a lien against the surplus. It was so held in White v. Spencer, 217 Mo. (en banc), 242, 117 S. W. 20. But in that case the homestead was not encumbered and the owner conveyed the excess to a creditor to pay a debt. The homestead was measured and selected by the owner at the time and the excess was sold while a valid judgment was in existence against the owner. The court held the purchaser held title to the excess subject to the lien of the judgment. Let us examine the present case and see if the judgment holder, Copeland, could have realized any sum by levying an execution upon the land in question before the sale to plaintiff. The proper procedure would have been to set aside one hundred and sixty acres of land to Hein as a homestead. Ehlers v. Potter, 219 S. W. 915; May v. Gibler, 319 Mo. 672, 4 S. W. (2d) 769, l. c. 772 (10) (11). Under the admitted facts there could not have been any surplus in the one hundred and sixty acres because it was subject to the deed of trust, taxes and the homestead, which amounted to a sum far in excess of the value of the land. Nor could there have been any surplus in the land in excess of the one hundred and sixty acres. That too was subject to the taxes and the deed of trust. It is doubtful if any surplus could have been realized in such a sale, but assuming that there would have been a surplus of one hundred or two hundred dollars, Hein, not having any other property, would have been entitled to claim as an

exemption the sum of $300.00 under Mo. Rev. St., sec. 1327, (1939). Paddock v. Lance, 6 S. W. 241, 94 Mo. 283; Stinson v. Call, 63 S. W. 729, 163 Mo. 323. The section above referred to and the cases cited hold that it is the duty of the sheriff when selling a debtor's property under execution to advise him [687] of his rights to select $300.00 worth of property, either real or personal, as exempt from execution. A recent case approving such procedure is Brennecke v. Riemann, 102 S. W. (2d) 874, l. c. 877 (5, 6), where the court said:

"The size of this so-called vacant part of the lot was not shown; neither was the size of the whole lot, nor how much land the witness meant to leave with the house; and in this connection the additional $300 exemption allowed by section 1163, R. S. 1929 (Mo. St. Ann., sec. 1163, p. 1425), would also have to be considered."

It was also said in that case, following the above quotation:

"There is authority for ordering a sale of a homestead and transferring the owner's homestead rights to the proceeds. Daniels v. Peck, 221 Mo. App. 877, 288 S. W. 84. This is a drastic remedy, and, in view of the often-announced policy of our courts to liberally construe the homestead statutes in order to give effect to their well-known humanitarian purposes, it certainly should not be employed except where it is very clear that there would be a substantial excess if a sale was made."

In the case at bar the only evidence as to the value of the farm was that it was worth $7,770.00. The liens ahead of the judgment amounted to $7,525.12, leaving a surplus of only $245.00. Hein's exemption of $300.00 would more than take up the surplus regardless of his homestead right. No matter how one may consider this case, if the land would now be subjected to a sale under Copeland's execution the result would be that he would have a debt paid at the expense of plaintiff and not the debtor, because the debtor conveyed only such property as was exempt from execution. The result would also indirectly impair and curtail the statutory exemptions, being the homestead as provided for by sec. 608, Mo. Rev. St. Ann. (1939) and the exemption provided for in sec. 1327, supra, because if the purchaser of a homestead and exempted property cannot obtain clear title then of course the party owning the homestead cannot sell. The courts have always carefully guarded and protected homesteads, and the statutes granting such homesteads and exemptions have been liberally construed. Keeline v. Sealy, 257 Mo. 498, 165 S. W. 1088, l. c. 1092 (2). A court of equity, under the facts and circumstances of this case, should grant plaintiff the relief prayed for.

The judgment of the trial court is therefore reversed with directions to enter a judgment for plaintiff enjoining the defendants from levying and selling the land in question under the defendant's execution and to decree that plaintiff's land is free and clear from any lien

of defendant's judgment. It is so ordered. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.