244 S.W.2d 1 (1951)
BOSTIAN
v.
JONES et al.
No. 42370.
Supreme Court of Missouri, Division No. 2.
December 10, 1951.
L. A. Warden, Trenton, for appellant.
Chas. A. Miller, Trenton, for respondents.
BARRETT, Commissioner.
In May 1949 Sterling Price Jones was adjudicated a bankrupt. The trustee of his estate in bankruptcy has instituted this action to set aside certain conveyances as in fraud of the single creditor, Lela Renfro. The defendants are Sterling Price Jones, his sons and daughters together with their husbands or wives, and John and Maude R. Dean, tenants now renting and occupying the land. Originally the action involved *2 personal property as well as real estate but the appellant, by stipulation, has abandoned all claims concerning personalty. As to the real estate the trial court found that the property conveyed by Jones and his wife, Alice, was an estate by the entirety and in addition was the grantors' homestead, exempt property, and that, therefore, the conveyances were not fraudulent as to the husband's judgment creditor. The court found, however, that the Deans owed $100 rent which was ordered paid into court and apportioned among the parties according to their respective interests in the land as the widower and children of Alice Jones, Sterling Price Jones' deceased wife. Sterling Price Jones was entitled to $33.33 and that sum was decreed to be the property of the plaintiff, the trustee in bankruptcy. The balance of $66.67 was decreed to be the property of the defendant sons and daughters. The plaintiff insists upon this appeal nevertheless, that the conveyances were fraudulent and that the court erred in not setting them aside. It is his position, when all the circumstances are taken into consideration and carefully examined, that they show that this property was purchased and improved by the bankrupt, Sterling Price Jones, and as soon as he was sued by his creditor conveyed the property for the purpose of fraudulently defeating collection of her claim.
The facts and sequence of events, according to the pleadings, the judgment and the stipulated "Statement Of Facts In Lieu Of Transcript Of Evidence," are these: The real estate, rather rough, unimproved land in Grundy County, was conveyed to "Sterling P. Jones and Alice Jones, his wife," for a recited consideration of $500 by The Mutual Benefit Life Insurance Company on the 23rd day of October 1937. There was a down payment of $100 and a $400 note and deed of trust for the balance of the purchase price. The note was paid and the deed of trust released in July 1943. From 1924 until 1938 Jones was Lela Renfro's tenant, and for the years 1931 to 1937 was indebted to her upon "rent notes." On March 20th, 1941 Lela Renfro had judgment against Sterling Price Jones on the rent notes for $641.14 principal, eight per cent interest compounded, $13.85 costs and $63.86 attorney fees. By warranty deed, dated March 23, 1938 but recorded February 1, 1941, Sterling P. Jones and Alice Jones, his wife, conveyed the land to their son, Woodrow Jason Jones, for a recited consideration of $500, but subject to the $400 deed of trust which the son assumed and agreed to pay. On September 7, 1943 the son conveyed the land to his mother, Alice, for the recited consideration of one dollar. Mrs. Jones died intestate on May 13th, 1944 and, as we have said, the defendants are her widower and her sons and daughters and their husbands and wives. Sterling Price Jones moved from the land on March 1, 1945 and in February 1949, being unable to carry out a contract to sell the land, rented it to the Renfros for $100 a year. In May 1949 Jones was adjudicated a bankrupt and this action followed in April 1950.
As a preliminary matter the appellant urges that the court erred in permitting the defendants, over objection, to make the defense of tenancy by the entirety and homestead for the reasons that they were not pleaded, were beyond the scope of the pleadings and there was no offer or attempt to amend the pleadings to conform to the proof. But the stipulated statement of facts does not show what objections, if any, were made and the court's ruling on them, until the motion for a new trial. The plaintiff pleaded the deeds and it does not appear which party offered them in evidence. In any event, this is a suit in equity and "the facts were all before the court", Ulrich v. Pierce, Mo., 233 S.W. 401, 404, and upon the issue of fraud proof of tenancy by the entirety and homestead, exempt property, was admissible even under a general denial, Childers v. Pickenpaugh, 219 Mo. 455, 465-466, 118 S.W. 478, and in this state of the record failure to amend the pleadings does not affect the result of the trial of the essential issues. Mo.R.S.1949, § 509.500; Allaben v. Shelbourne, 357 Mo. 1205, 212 S.W.2d 719, 725.
As indicated, in connection with his contention that the conveyances from father and mother to son and son to mother *3 were fraudulent, the appellant also urges that when all the circumstances are taken into consideration they show that this property was purchased and paid for by the bankrupt, Jones, and was therefore his separate property. Thieman v. Thieman, Mo., 218 S.W.2d 580, 583. The husband testified that he negotiated for the purchase of the land and personally paid fifty dollars of the $100 down payment. It stands undisputed, however, (and the record does not demonstrate the incredibility of the evidence) that the son, Jason, paid the other fifty dollars of the purchase price, and that the $400 note, which he assumed and agreed to pay, was paid and the deed of trust discharged by him after the conveyance to him and before he reconveyed the land to his mother. Consequently, the record does not support the claim that the husband paid the full purchase price from his separate funds as the plaintiff contends. Compare: Butte Investment Co. v. Bell, Mo., 201 S.W. 880. The evidence does not show, because of his payments, that the land was in fact the husband's separate property, and, if it is within the issues of the case, we are not confronted with an estate by the entirety in Jones and his wife created in fraud of creditors. Annotations 7 A.L.R.2d 1104; 121 A.L.R. 1028. See also and compare: Citizens Bank of Pleasant Hill v. Robinson, 342 Mo. 697, 117 S.W.2d 263; Farmers & Traders Bank v. Kendrick, 341 Mo. 571, 108 S.W.2d 62; Salia v. Pillman, Mo.App., 49 S.W.2d 215. The debt and judgment, Lela Renfro's claim, were the husband's individual obligations and during the lives of the husband and wife and the existence of their tenancy by the entirety did not constitute a lien upon that estate, Otto F. Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, 201 S.W. 67, L.R.A.1918C, 1009, even the rents and profits not being subject to attachment for the husband's debts. Kingman v. Banks, 212 Mo.App. 202, 251 S.W. 449. Upon the face of the record the conveyance from Jones and his wife to their son in 1941 was exempt property, a tenancy by the entirety and homestead, and therefore not fraudulent as to the husband's single creditor. Maender v. Breck, Mo.App., 159 S.W.2d 310; May v. Gibler, 319 Mo. 672, 4 S.W.2d 769; Wharton v. Citizens' Bank of Bosworth, 223 Mo.App. 236, 15 S.W.2d 860; Stam v. Smith, 183 Mo. 464, 81 S.W. 1217; United States v. Hutcherson, 8 Cir., 188 F.2d 326; Blodgett v. United States, 8 Cir., 161 F.2d 47; Armold v. Lang, D.C., 11 F.2d 630. See also annotations 166 A.L.R. 969; 47 A.L.R. 437.
It is urged, however, that the bankrupt father made improvements upon the land of the value of $1300 and that the trustee in bankruptcy is entitled to the value of the improvements as an asset for the benefit of the father's creditor. There is no direct evidence that the father made improvements of the value of $1300. The appellant's statement that the value of the improvements is $1300 is based upon the fact that the original purchase price of the property in 1937 was $500 and that Jones had agreed to sell it to the Deans in 1949 for the sum of $1800, the difference being $1300. It is not necessary to consider the force of this fact as proof of a value of $1300; it is assumed, for the purposes of this opinion, that it is some evidence of the value of improvements. Mr. Jones testified that he made improvements. He said that he built a cowshed, a chicken house, a granary and machine shed, dug a cave and a well, and fenced two sides of the land. He said that he bought the "timber in the tree," sawed the lumber with his sawmill and personally constructed the enumerated but otherwise undescribed improvements. There is no evidence as to the dates the improvements were made or of their value, except as it may be inferred from the indicated circumstances. As we have said, the conveyance was of exempt property, homestead and an estate by the entirety, and the insuperable difficulty with the appellant's claim to the value of improvements is that there is no evidence that the value of the improvements exceeded the value of the homestead exemption. Mo.R.S.1949, § 513.475; Hyde v. Copeland, 351 Mo. 580, 173 S.W.2d 684; Saxbury v. Coons, Mo., 98 S.W.2d 662. See also annotation 7 A.L.R.2d 1104.
Accordingly the judgment is affirmed.
*4 WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.