**In re Gloria L. BUTLER a/k/a Gloria L. Azada a/k/a Gloria L. Crawford, Debtor.**

No. 01–31082.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 5, 2001.

Order denying motion to Alter or Amend, Dec. 21, 2001.

Bailey, Roberts & Bailey, P.L.L.C., N. David Roberts, Jr., Esq., Knoxville, TN, for Debtor.

Mostoller, Stulberg & Whitfield, Ann Mostoller, Esq., Oak Ridge, TN, for Ann Mostoller, Trustee.

## MEMORANDUM ON OBJECTION TO TRUSTEE'S NOTICE OF INTENT TO SELL PROPERTY

RICHARD S. STAIR, Jr., Bankruptcy Judge.

Ann Mostoller, Chapter 7 Trustee (Trustee), filed on October 2, 2001, a Notice of Trustee's Intent to Sell Property and Motion for Authority to Sell Property Free and Clear of Lien (Notice). The Notice referenced the planned sale of the Debtor's residence and provided, in part, that the Trustee would not pay the Debtor's claimed homestead exemption from the sale proceeds. Now before the court is the Objection to Trustee's Notice of Intent to Sell Property (Objection) filed on September 28, 2001, by which the Debtor contests the Trustee's denial of her homestead exemption.

By agreement of the parties, and pursuant to the court's October 12, 2001 Order on Objection to Sale, this matter will be resolved without an evidentiary hearing. Each side has briefed its position to the court, and a Stipulations for Homestead Exemption Dispute was filed by the parties on October 17, 2001.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

### I

The Debtor filed her Chapter 7 Petition on March 5, 2001. Among the scheduled assets was her residence at 2325 Sir Edward Lane in Maryville, Tennessee (Residence). The Debtor listed the value of the Residence at $112,000.00, subject to a $93,914.00 first mortgage to Curtis Mortgage Company and an $18,000.00 second mortgage to the Debtor's father, Joe Crawford.[1]

The parties stipulate that the Residence qualifies for a homestead exemption claim under TENN. CODE ANN. § 26–2–301 (2000).[2] On Schedule C to her Chapter 7 Petition, the Debtor claimed a $5,000.00 homestead exemption which was not objected to by the Trustee or any other party.

---

1. In fact, the second mortgage Deed of Trust secures an obligation to Joe Crawford and to Barbara Crawford, who is presumed to be the Debtor's mother.

2. "An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ...."

TENN. CODE ANN. § 26–2–301(a) (2000).

On October 2, 2001, the Trustee filed her Notice, reciting in part that the Residence would be sold for $112,700.00 and that there would be no homestead exemption paid from the sale proceeds. The Trustee contends that the Debtor is not properly entitled to a homestead exemption because the second mortgage, from which the sale proceeds came,[3] was avoidable as a preferential transfer under 11 U.S.C.A. § 547(b) (West 1993). *See* 11 U.S.C.A. § 522(g)(1)(A) (West 1993) (Debtor may not exempt property recovered by the trustee if the property was voluntarily transferred by the debtor.). Pursuant to an Order Allowing Sale of Property Free and Clear of Liens entered on October 12, 2001, the Trustee is holding the sale proceeds pending the court's determination of the Debtor's entitlement to a homestead exemption.

## II

■ Upon the filing of a bankruptcy petition, an estate is created including substantially all legal and equitable interests of the debtor. *See* 11 U.S.C.A. § 541 (West 1993 & Supp.2001). The debtor is then allowed to exempt certain property from the estate. *See* 11 U.S.C.A. § 522 (West 1993 & Supp.2001). "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991).

■ Under § 522(*l*), the debtor is required to file a list of property claimed as exempt. Barring the objection of a party in interest, "the property claimed as exempt on such list is exempt." 11 U.S.C.A. § 522(*l*) (West 1993). However, no property can be exempted "unless it first falls

within the bankruptcy estate." *Owen*, 111 S.Ct. at 1833.

Section 522(d) lists the available federal exemptions, which are to be used by the debtor unless the state in which the debtor is domiciled has "opted out" of the federal exemption scheme. *See* 11 U.S.C.A. § 522(b)(1)-(2)(A) (West 1993 & Supp. 2001). Tennessee, the state of the Debtor's domicile, has enacted legislation "opting out" of the federal exemptions. *See* TENN. CODE ANN. § 26–2–112 (2000). The personal property exemptions provided by Tennessee law, including the homestead exemption now at issue, may therefore be claimed by the Debtor in this case.

Rule 4003(b) of the Federal Rules of Bankruptcy Procedure governs objections to claims of exemption, providing in material part:

> A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

FED. R. BANKR. P. 4003(b). The Debtor's § 341 meeting took place, and was concluded, on April 9, 2001. No amendment or supplemental schedules were subsequently filed nor was a request for extension of time to object filed by the Trustee or any other party in interest. Accordingly, the deadline for objecting to the Debtor's claimed exemptions was May 9, 2001. FED. R. BANKR. P. 4003(b). As noted, this deadline passed without the filing of an

---

**3.** The parties stipulate that on October 8, 2001, Mr. Crawford and his wife recorded a voluntary Release of their Deed of Trust in the Blount County, Tennessee, Register of Deeds Office.

objection by the Trustee or any other party. Accordingly, the Debtor contends that she should receive her $5,000.00 claimed homestead exemption.

The Trustee responds that she was not required to file an objection because the Debtor was not properly entitled to the exemption under § 522(g)(1)(A), citing *In re Rollins*, 63 B.R. 780, 783–84 (Bankr. E.D.Tenn.1986) ("[T]he debtor cannot make property exempt simply by claiming it as exempt when there is no apparent legal basis for the exemption.") and *Munoz v. Dembs (In re Dembs)*, 757 F.2d 777, 780 (6th Cir.1985) ("[T]here must be a good-faith statutory basis for the exemption[.]"). This theory, however, fails to consider subsequent Supreme Court authority which considered, and expressly rejected, the holding of *Dembs. See Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992).

In *Taylor*, the Chapter 7 trustee did not timely object to the debtor's claimed exemption of proceeds from an employment discrimination lawsuit. After the lawsuit settled for an unexpectedly high amount, the trustee demanded turnover of the funds because the debtor "had no statutory basis" for the exemption. The Supreme Court disagreed, holding that Rule 4003(b) sets a concrete deadline after which an exemption cannot be contested, "whether or not [the debtor] had a colorable statutory basis for claiming it." *See id.* ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."); *see also Cadle Co. v. Kromer (In re Kromer)*, No. 99–5040, 2000 WL 32022, at *4 (6th Cir. Jan.5, 2000) ("[R]egardless of the merits of the exemption, a debtor's claim to exemption may not be challenged beyond Rule 4003(b)'s 30 day period."). While several courts have subsequently recognized an exception to this rule in cases of bad faith or abuse of process by the debtor, *see, e.g., In re Montanez*, 233 B.R. 791 (Bankr.E.D.Mich. 1999), no such allegations have been raised by the Trustee in the present case.

### III

Notwithstanding the Trustee's failure to object to the Debtor's homestead exemption, the court finds that exemption is limited to the Debtor's equity interest in the Residence at the commencement of her bankruptcy case. Unlike the lawsuit proceeds in which the *Taylor* debtor had an interest at the moment of his Chapter 7 filing, the funds that the present Debtor seeks to exempt represent proceeds from the sale of an interest that did not pass to the Debtor's bankruptcy estate under § 541 at the commencement of her case. These funds therefore are not subject to exemption.[4]

Additionally, the Debtor, as permitted by Tennessee law, waived her entitlement to claim her homestead exemption to the extent of the amount of the mortgages encumbering the Residence at the commencement of her bankruptcy case.[5] The first mortgage Deed of Trust executed by the Debtor in favor of Curtis Mortgage Company, Inc. on January 30, 1998, provides that the Debtor "waves all right of

---

4. *Cf. Owen*, 111 S.Ct. at 1835 ("[O]bviously ... an interest that is not possessed by the estate cannot be exempted.... [T]he equitable interest remains with the mortgage holder, § 541(d). And since the equitable interest does not pass to the estate, neither can it pass to the debtor as an exempt interest in property.").

5. "A ... deed of trust ... conveying property in which there may be a homestead exemption, duly executed, conveys the property free of the homestead exemption ...." TENN. CODE ANN. § 26–2–301(d) (2000).

homestead ...." The January 10, 2001 second mortgage Deed of Trust executed in favor of Joe and Barbara Crawford provides that the Debtor "hereby re-leas[es] all claims to homestead ...."

At the commencement of her Chapter 7 case on March 5, 2001, the Debtor had waived her entitlement to a homestead exemption to the extent of approximately $111,314.61, the amount of the obligations secured by the two Deeds of Trust encum-bering the Residence.[6] Under Tennessee law, the Debtor's homestead exemption ex-tends, by definition, solely to the Debtor's equity interest in her principal place of residence. Having waived her homestead exemption in favor of the mortgagees, the Debtor cannot, in effect, utilize the failure of the Trustee to object to the claimed homestead exemption as a tool to avoid that portion of the second mortgage suffi-cient to allow her to realize the full amount of her homestead exemption. The court does not construe the Supreme Court's decision in *Taylor* to judicially establish an avoidance right not otherwise available to the Debtor under the Bankruptcy Code. *Cf. In re Stanley,* 143 B.R. 900, 905 (Bankr.W.D.Mo.1992) ("*Taylor* does not authorize a debtor to use an exemption claim for the purpose of avoiding properly executed liens on the debtor's property.").

Finally, the court must consider one oth-er issue not addressed by the parties. The Release recorded by Mr. and Mrs. Craw-ford on October 8, 2001, releasing their second mortgage Deed of Trust, recites that it is "effective on March 4, 2001," the day before the Debtor commenced her Chapter 13 case.

The court is persuaded that had the obligation secured by the Crawfords' mort-gage, in fact, been satisfied prior to bank-ruptcy the Release would have effectively released the Deed of Trust as of March 4, 2001, thereby entitling the Debtor to her claimed homestead exemption. There is, however, nothing in the record establish-ing that the Debtor's obligation to the Crawfords had been satisfied. Rather, the Crawfords' voluntary release of their Deed of Trust on October 8, 2001, was in appar-ent acknowledgment of the Trustee's abili-ty to avoid their lien. The "effective March 4, 2001" language is, therefore, sur-plusage and the Release serves no more to benefit the Debtor than she would benefit from the Trustee's successful prosecution of an avoidance action.

In summary, the Debtor is entitled to her homestead exemption in the amount of any surplus the Trustee may have realized from the sale of the Residence in excess of the amount necessary to satisfy the Curtis Mortgage Company, Inc. first mortgage and the Joe and Barbara Crawford second mortgage. The Debtor's Objection will be overruled.

An appropriate order will be entered.

### *ORDER*

For the reasons stated in the Memoran-dum on Objection to Trustee's Notice of Intent to Sell Property filed this date, the court directs the following:

1. The Objection to Trustee's Notice of Intent to Sell Property filed by the Debtor on September 28, 2001, is OVERRULED.

2. The $5,000.00 homestead exemption claimed by the Debtor under TENN. CODE ANN. § 26–2–301(a) (2000) in her residence at 2325 Sir Edward Lane, Maryville, Ten-nessee, is limited to the Debtor's equity

6. Curtis Mortgage Company, Inc. filed a Proof of Claim on March 19, 2001, stating the payoff balance on its first mortgage claim to be $93,314.61. The holders of the second mortgage, Joe and Barbara Crawford, did not file a claim. The Debtor, however, states the amount of their secured claim to be $18,000.00.

interest in the residence on March 5, 2001, the date she commenced her Chapter 7 case, *i.e.,* the value of the property in excess of the amounts owing Curtis Mortgage Company, Inc. and Joe and Barbara Crawford on their respective first and second mortgages.

SO ORDERED.

### MEMORANDUM ON DEBTOR'S MOTION TO ALTER OR AMEND

Before the court is the Motion to Alter or Amend filed by the Debtor on December 17, 2001, asking the court to amend its December 5, 2001 Order overruling her Objection to Trustee's Notice of Intent to Sell Property filed on September 28, 2001. By its December 5, 2001 Order, the court limited the Debtor's homestead exemption under TENN. CODE ANN. § 26–2–301(a) (2000) in her residence at 2325 Sir Edward Lane, Maryville, Tennessee, to her "equity interest in the residence on March 5, 2001, the date she commenced her Chapter 7 case, *i.e.,* the value of the property in excess of the amounts owing Curtis Mortgage Company, Inc. and Joe and Barbara Crawford on their respective first and second mortgages." The Debtor states that the Trustee refuses to remit to her the exempt amount and asks the court to alter or amend its December 5, 2001 Order to direct the Trustee to pay the exempted amount to her.

The court finds no ambiguity in its December 5, 2001 Order.

■ The Report of Sale [1] filed by the Trustee on October 30, 2001, establishes that the property was sold for $112,270.00 and that the payoff on the Curtis Mortgage Company, Inc. first mortgage was $92,802.61. The Stipulations for Homestead Exemption Dispute filed by the parties on October 17, 2001, establishes that the second mortgage held by Joe and Barbara Crawford secured a $18,077.80 non-interest bearing loan.[2] The Debtor's equity interest in the property was, therefore, $1,389.59.

The Trustee, having failed to object to the Debtor's claimed homestead exemption, cannot now apply the exempt amount to any expenses associated with the sale of the property. *See Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992). Furthermore, the Debtor's homestead exemption, having been allowed, was no longer property of the estate over which the Trustee could exercise control. *See id.*

Again, the court's December 5, 2001 Order clearly delineates the homestead exemption to which the Debtor is entitled. The Order does not suggest or imply that the expenses associated with the sale of the property are to be paid by the Trustee from the exemption. They are not!

For the above reasons, the Debtor's Motion to Alter or Amend will be denied.

---

**1.** The court takes judicial notice of the Report of Sale. *See* FED. R. EVID. 201.

**2.** There is nothing in the record to establish that the Debtor satisfied any portion of this obligation prior to bankruptcy.